IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

IN RE: § §
§   CASE NO.  09-60621
ALFREDO MONSLVAIS  GUERRERO §
§   CHAPTER   13
Debtor §

## DEBTORS' CHAPTER 13  PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

> *Creditors are hereby notified that the following Plan may be amended at any time before confirmation.  Any amendment may affect your status as a creditor.  The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change.  The following information advises creditors of the status of the case based on the information known at the time of its preparation.  Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances.  More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas.  Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*
>
> *Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

## Plan Summary

A.   The Debtor's plan payment will be $1,000.00 per month, paid by Direct Pay,  for Sixty (60) months.  The gross amount to be paid into the Plan is $60,000.00.

B.   The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately _____% of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS.  YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED.  CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C.   The value of the Debtor's non-exempt assets is $     .

D.   If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

## Plan Provisions

## I. Vesting of Estate Property

XX   Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☐   Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐   Other (describe):

## II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors.  The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition.  Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the petition is filed.  Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
|  |  |  |

## III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| CREDITOR | DESCRIPTION OF LEASE | AMOUNT OF LEASE | IN DEFAULT |
|---|---|---|---|
| BA Emmons | business lease | $1,250 | No |
| Verizon Wireless | business phone | $750 | No |

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

## IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan.  Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated.  The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2).  Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date.  If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| 2004 Ford Ranger | $4247 | $2300 | $200 per month | 6% | $2,375.43 | |
| 2005 F-150 | $4500 | $2,500 | Along with | 6% | $2899.92 | |
| 2005 F-150 | $4500 | $2,500 | Along with | 6% | $2899.92 | |

*"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

*Executed on   10th   day of June 2009.*

_____/s/_____
Debtor

## V.  Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided.  If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI (2)(F).

The Debtor moves to avoid the following liens that impair exemptions.  Objections to lien avoidance as proposed in this Plan must be filed no later than ten(10) days prior to the confirmation hearing date.  If no timely objection is filed, the relief requested maybe

granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien–e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor | Property Subject to Lien | Amount of Lien to Be Avoided | Remarks |
|---|---|---|---|
| | | | |

## VI. Specific Treatment for Payment of Allowed Claims

### 1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS. INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS

**A.** Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, *must* be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor/Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| American Home Mgt. Svcing | 3506 Saul, Killeen TX | $135,712.00 | $925.00 |
| Litton Loan Sevicing | Lift condo West Phase 1 unit 210 | $50,768.03 | $ 550.00 |
| US Bank Mortgage | 501Snapper, Belton TX | $142,828.00 | $1,542.09 |
| Wells Fargo Mortgage | 1604 Dugger, Killeen TX | $221,600.0 | $1,716.48. |

**B.** Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
| | |

### 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

Form 11/7/05

**A**. Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums disbursed, except on any funds returned to the Debtor. No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|

Montez & Williams P.C.    $3,300.00              before

**B**. Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|

Texas Workforce Comm.    $852.07             along with secured

**C**. Arrearage Claims

| Creditor/Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|

American Home Mgt.  $7509.78    $135,712.00   All arreages will be applied to end of original note
Litton Loan Sevicing  $5763.03    $40,000.00    All arreages will be applied to end of original note
US Bank Mortgage     $18775.69   $142,828.00   Along with      None    $18775.69
Wells Fargo Mortgage $20,396.58  $221,600.00   All arreages will be applied to end of original note.

**D**. Cure Claims on Assumed Contracts, Leases, and Contracts for Deed:

Form 11/7/05

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| | | | |

**E.  Secured Creditors**

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328.  Therefore, if the debtor's case is dismissed or converted without completion of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| IRS | $66,000 | $13,500 | Along with | 0% | $13,500 * | |
| Ford Credit | $4247 | $2,300 | Along with | 6% | $2,667.93 | |
| Ford Credit | $4500 | $2800 | Along with | 6% | $2899.92 | |
| Ford Credit | $4500 | $2800 | Along with | 6% | $2899.92 | |

The property which is secured with the IRS lien will be sold and all proceeds applied to the IRS debt.

**F**.  General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed).  *Describe treatment for the class of general unsecured creditors.*

Internal Revenue Service          Amt owed is unknown.  As soon as a proof of claim is filed the plan will be amened to provide payment.

| CREDITOR | PROOF OF CLAIM | AMOUNT | STATUS |
|---|---|---|---|

Totals:

| | |
|---|---|
| Administrative Claims | $3,300.00 |
| Priority Claims | $852.07 |
| Arrearage Claims | $52,445.08 |
| Cure Claims | $0 |
| Secured Claims | $79,247.00 |
| Unsecured Claims | $0 |

Form 11/7/05

## VII.  Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

Respectfully submitted this <u>10th</u> day of <u>June</u>, 2009.

                                                  /s/
John A. Montez
Montez & Williams, P.C.
3809 W. Waco Drive
Waco, TX 76710
(254) 759-8600
(254) 759-8700   FAX

        /s/
Alfred M. Guerrero, Debtor

## Certificate of Service

I hereby certify that a true and correct copy of the Plan has been forwarded to the following by First Class U.S. Mail and/or email on this the 11th day of June 2009 :

U.S. Trustee
ATTN: Valerie Wenger
Valerie.L.Wenger@usdoj.go


Alfredo  Guerrero
guerrerorealestate@yahoo.com
(Debtors)

Ray Hendren
rhendren@rayhendren13.com

Hilary Bonial
notice@bkcylaw.com
(Attorney for American Home Mortgage Servicing Inc.)
(Attorney for Litton Loan Servicing LP)

Mary Daffin
WDECF@BBWCDF.COM
Attorney for Wells Fargo

Internal Revenue Service
P.O. Box 21126
Philadelphia PA 19114

U.S. Attorney General
Main Justice Bldg, Rm 5111
10th & Constitutional Ave, NW
Washington DC 20530

U.S. Attorney's Office
601 NW Loop 410
Suite 600
San Antonio TX 78216

Steven Bass
steven.bass@usdoj.gov
(U.S. Attorney's Office)

Internal Revenue Service
Austin TX 73301

All creditors listed on
the attached matrix

                                                  /s/
                                      JOHN A. MONTEZ

Form 11/7/05

Alfredo Guerrero
9188 Whitmire Lane
Belton TX

American Home Mtg Svcing
4600 Regent Blvd. Ste 200
Irving TX  75063

American Honda
3625 W. Royal Ln
Irving TX  75063

Aristide Avalos

B.A. Emmons
1300 W.Stan Schlueter Loop
Killeen TX  76549

Barrett Dafin Frapp Turner & Engel
1900 St. James Place Ste 500
Houston TX  77056

Bell County
Tax Appraisal District
P.O. Box 390
Belton TX  76513-0390

Bernard Busic

Blanca E. Gonzales Isates
c/o Harris Law Office
P.O. Box L
Killeen TX  76541

Brandon Martinez

Christopher Martin

Coryell County Tax Office
P.o.Box 6
Gatesville TX  76528

Damian Rangel

Erik Faraldo

Ford Motor Credit

P.o.box 537901
Livonia MI  48153-9905

Ford Motor Credit Company
P.o.Box 537901
Livonia MI  48153-9905

Gartha L. Ingram
P.O. Box 11874
Killeen TX  76547

Harris Law Office
P.O. Box L
Killeen TX  76541

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA   19114

Internal Revenue Service
Special Procedures Staff
Stop 5022AUS
300 E. 8th Street
Austin, TX   78701

Jessica Castro

Kimberely Guerrero

Kimberly Guerrero

Kimberly Kay Guerrero

Larry Shane Paul

Lifts West
201 W. Main St.
Red River NM  87558

Lists West Accounting Dept.
P.O.Box 2650
Weatherford TX  76086

Litton Loan Servicing
P.O. Box 829009
Dallas TX  75382

Form 11/7/05

Lopez A.J. Enterprises LLC
108 E. FM 2410 St.
Harker Heights TX  76548

Maximo Mella

Rachel Busic

RE/Max/Kemco Partnersip LP
dba Re/Max of Texas
P.O. Box 941549
Houston TX  77094

Rulyn Urena

Texas Workforce Commission
TEC Building Bankruptcy
101 East 15th Street
Austin TX  78778

Tiffany Paul

U.S. Attorney General/IRS
Main Justice Bldg, Rm 5111
10th & Constitutional Ave, NW
Washington DC  20530

U.S. Attorney's Office
601 NW Loop 410
Suite 600
San Antonio TX  78216

US Bank Mortgage
P. O. Box 790415
Saint Louis MO  63179

Wells Fargo Mortgage
8480 Stagecoach Cir
Frederick MD  21701

Form 11/7/05